Kendall *vs.* Westbrook.

dor for board, though a memorandum of said account was on the partnership books and the board was due to a third member of the partnership.

Partnership. Evidence. Before Judge HALL. Newton Superior Court. March Term, 1875.

*Reported in the opinion.

CLARK & PACE, for plaintiff in error.

SIMS & SIMS, for defendant.

---

JOHN M. KENDALL, plaintiff in error, *vs.* A. C. WESTBROOK, defendant in error.

1. When an execution has been levied on land in one county, a claim interposed, and the papers returned to the proper court, it is not lawful for the plaintiff to withdraw such *fi. fa.* and have the same levied on property in

another county, without first obtaining an order of court, or of the judge in vacation.

2. The statute of limitations runs in favor of the claimant's possession of land as a *bona fide* purchaser thereof, against the plaintiff's judgment lien until notice has been given by the sheriff of a levy thereon.

Claim. Execution. Levy and sale. Practice in the Superior Court. Statute of limitations. Judgments. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1875.

Reported in the opinion.

WARREN & HOBBS; VASON & DAVIS, for plaintiff in error.

STROZER & SMITH; D. H. POPE, for defendant.

WARNER, Chief Justice.

This was a claim case, and on the trial thereof the jury, under the charge of the court, found a verdict in favor of the claimant. The plaintiff made a motion for a new trial, which was overruled by the court, and the plaintiff excepted.

It appears from the evidence in the record that the judgment against Cheever, the defendant, is dated 9th of December, 1857; that an appeal was taken from the verdict on which that judgment was entered, and that pending said appeal, at a subsequent term of the court, to-wit: on the 22d day of February, 1871, an order was taken pursuant to an agreement of the parties, that the appeal should be dismissed, and that the first verdict and judgment for $3,421 78 should stand, the plaintiff deducting therefrom the sum of $583 05, leaving due thereon only the sum of $2,838 73, the first verdict and judgment to stand subject to the deduction aforesaid. It also appears from the evidence in the record that Cheever was the owner of the land in 1855. Rust purchased it from Cheever, the defendant in execution, on the 26th of November, 1858, for a valuable consideration, without notice of the plaintiff's judgment, and went into the actual possession of the same under his deed; that on the 10th day of June, 1868,

Rust sold the land to Westbrook, the claimant, who went into possession thereof without notice of plaintiff's judgment; made valuable improvements thereon, and was in possession at the time of the levy on the 1st of December, 1874. It also appears from the entries on the execution that it had been levied on lands in Baker county, and that a claim had been interposed therefor, prior to the levy made on the land in dispute in Dougherty county, there not having been any order to take the execution from the clerk's office of Baker county where it was made returnable under the claim laws of the state. It further appears from the evidence that although the levy on the *fi. fa.* is dated on the 1st of December, 1874; that no notice was given by the sheriff to the claimant, or his tenant, of the levy, until a considerable time after the entry of the levy on the *fi. fa.*—not until about the 10th of March thereafter, and then by a postal card through the post office. The court charged the jury, "If you are satisfied from the evidence that this *fi. fa.* was levied on property in another county which was claimed, and the *fi. fa.* and claim returned to the proper court before this levy was made, then, unless the proof shows that the plaintiff obtained an order of the court of such county to take the *fi. fa.* out of the clerk's office, then this levy is illegal so far as this claimant is concerned, and you ought to find for the claimant." The court also charged the jury substantially as follows: "If you believe that the claimant was a purchaser of the land levied on for a valuable consideration, and that he and those under whom he claimed were in the possession of the property in dispute for four years, without notice of said last judgment rendered against Cheever, the defendant therein, then they should find for the claimant, although the evidence might show that the entry of the sheriff on the *fi. fa.* was before the expiration of four years from the date of the judgment, yet, if the evidence shows that the sheriff did not give the claimant notice of the levy until after the expiration of the four years, I charge you that the statute was in his favor until he got notice of the levy."

1. The only errors insisted on here are embraced in the two

charges of the court to the jury. Was the charge of the court right as to the withdrawal of the *fi. fa.* from Baker county and levying it upon the land in Dougherty county, on the statement of facts contained in the record, so far as the rights of the claimant were concerned? The question is not whether if the land had been sold by the sheriff at a public sheriff's sale, the purchaser's title at such sale would have been good, but the question is, whether the claimant can raise the object- tion for the protection of his own title as against the plaintiff who is seeking to make the property subject to his execution against the defendant therein. When an execution has been levied on land in one county and a claim interposed therefor, and the execution is returned to the court of the county in which the land is situated as provided by the 3736th section of the Code, it is not lawful for the plaintiff to withdraw such execution from the court to which the law requires it to be returned, and levy the same on land as the property of the defendant, in another county, without first obtaining an order from the court to do so, as was held in *Branch vs. Riley,* 19*th Georgia Reports,* 162, or by an order from the judge in vaca- tion to do so, as is provided by the 18th rule of the superior court. If the rule contended for by the plaintiff in error should be allowed to prevail, it would be productive of great confusion, and might lead to great oppression on the part of plaintiffs in execution. In our judgment, the rule requiring either an order of the court, or an order of the judge in vaca- tion to withdraw the execution from the court where it is by law required to be, is a wise and salutary rule, and should be maintained and enforced. There was no error in the charge of the court in relation to this point in the case so far as the claimant's rights were concerned.

2. Was the second charge of the court right on the state- ment of facts disclosed in the record? Until the appeal from the first verdict and judgment was dismissed by the order and judgment of the court of the 22d of February, 1871, the plaintiff could not enforce his judgment lien by a levy and sale of the defendant's property. Had four years elapsed

from the date of the judgment dismissing the appeal until there was a legal levy made by the. sheriff on the property claimed? What constitutes a legal levy by a sheriff on land in this state? The sheriff must not only make an entry of his levy on the execution, but must also, within five days thereafter, leave a written notice of such levy with the tenant in possession of the land, if any, or with the defendant if in the county, or transmit such notice by mail to the defendant within the time aforesaid: Code, section 3643. In our judgment, the date of the levy of the sheriff, in this case, is not to be counted as against the claimant further back than the time that notice was given to the defendant, or his tenant, of the levy on the land, although the entry of the levy on the execution without such notice may be of an older date. In other words, the. mere entry of a levy by a sheriff on an execution, without giving the written notice as required by the statute is not such a legal levy as will defeat the claimant's four years possession. The statute run in favor of the claimant's possession of the land as a *bona fide* purchaser thereof for a valuable consideration as against the plaintiff's judgment lien until the sheriff gave him legal notice of the levy of the plaintiff's execution thereon.

In view of the evidence contained in the record, we find no error in the second charge of the court complained of. There being sufficient evidence to sustain the verdict there was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.