ZIMMER *vs.* DANSBY.

A plaintiff in *fi. fa.* cannot tack the time land was held under a levy which was adjudged illegal to a subsequent levy, in order to prevent the four years' bar of the statute of limitations in favor of a a purchaser without notice, even though such purchaser had litigated as a claimant under both levies. The Code omits the word "peaceable," qualifying the possession, found in the acts of 1822, and 1851–2, and it behooves plaintiffs in *fi. fa.* to subject land to the payment of their executions by legal levies before the bar of the statute attaches.

Claim. Judgment. Levy and sale. Statute of limitations. Before Judge BUCHANAN. Troup Superior Court. November Term, 1879.

Reported in the opinion.

B. H. BIGHAM ; THOMAS H. WHITAKER, for plaintiff in error.

FERRELL & LONGLEY, by brief, for defendant.

·CRAWFORD, Justice.

In August, 1867, Valentine Zimmer, having an execution against Joseph Saunders, caused the same to be levied upon his land. Saunders, so soon as he could, applied for and obtained a homestead in the land so levied, when the sheriff returned the *fi. fa.* to the office with an entry to that effect thereon. On the 19th of November, 1870, the land aforesaid was conveyed by Saunders and wife, with the approval of the ordinary, to · Dansby, the present claimant, for a valuable consideration and without notice. The plaintiff in *fi. fa.*, on the 3d day of June, 1873, advertised the same for sale, and on that day Dansby interposed his claim, which was returned to the proper court, where the title was litigated until May the 23d, 1877, when the levy was dismissed and a judgment was entered

accordingly. The execution was again levied August 1st, 1877, when Dansby again renewed his claim, and it came on for final trial at the November term, 1879, of Troup superior court. There was a verdict for the claimant, a motion by the plaintiff for a new trial, which was refused and he excepted.

The controlling question in this case then and now is, whether the levy made August 1st, 1867, and dismissed May 23d, 1877, can be invoked to maintain a new levy made August 1st, 1877, as against a *bona fide* purchaser of the same land and who had held possession from November 19th, 1870?

It is insisted by the plaintiff in error that it can be so invoked where the purchaser claimed the land, and litigated the question of title with the plaintiff in *fi. fa.* until the levy was dismissed, for he thereby admitted the levy and is estopped from setting up his four years' possession against the plaintiff's right to sell.

On the other hand, it is contended that the first levy having been adjudged and pronounced illegal without any appeal therefrom, is conclusive as against the plaintiff, and that the same, with all its force and legal effect, is *res adjudicata.* The act of 1822, as also that of 1851–2, declares that no judgment shall be enforced by the sale of any real estate which may have been sold to a purchaser for a valuable consideration and without actual notice, if the purchaser has been *in peaceable possession* thereof for the statutory period named. Upon the adoption of the Code in 1863, the word peaceable was left out, ard it now stands, *has been in possession* for four years. With what view it was omitted does not appear, but it behooves plaintiffs in *fi. fa.* to see to it that they so use them as to subject the land to their payment by proper and legal levies before the bar of the statute attaches.

In the case of Kendall *vs.* Westbrook, 54th *Ga.*, 590, it was held by this court, that if the sheriff, without an order authorizing him to take a *fi. fa.* out of the court where a

claim was pending upon it, took it and levied it, such levy was illegal so far as the *bona fide* purchaser was concerned, and therefore could not be used to affect his possession. And further, that the entry of a levy by the sheriff on the execution, without proper notice, is not such a legal levy as will defeat a claimant's four years' possession. The legal intent and effect of which is to declare that no *illegal levy*, though made within four years, will *per se* be sufficient to stop the running of the statute in favor of innocent purchasers.

In the case under review, the first levy was made August 1st, 1867, and dismissed May 23d, 1877, being adjudged by the court insufficient, and no exception taken thereto, so that the claimant has this judgment declaring that levy illegal standing in his favor, and the same is conclusive. Code, §3577, §4252. Had the plaintiff in *fi. fa.* resorted to his writ of error instead of allowing it to stand, he might have had that judgment reversed upon the ground that a claimant is estopped from denying the levy. 54 *Ga.*, 296.

But when the first levy was dismissed, it carried it off the *fi. fa.*, and the case followed it, leaving the plaintiff either to take exceptions or resort to a new levy. He did the latter, the claimant met him with a new claim, and upon the trial thereof the court could recognize none other than that levy of August 1st, 1877, and if Dansby were a *bona fide* purchaser for value, without notice, and had been in possession from November 19th, 1870, which was nearly seven years ago, the lien of the plaintiff's judgment was lost, and the verdict of the jury was correct, and the court committed no error in overruling the motion for a new trial.

Judgment affirmed.