## WYATT *vs.* CHAPMAN.

After a claim to property levied on has been placed in the hands of the sheriff, but before the papers have been returned into court, the plaintiff in *fi. fa.* may have a new levy made on other property without any order of court for that purpose.

Claims. Executions. Levy and sale. Before Judge CRISP. Lee Superior Court. November Term, 1880.

To the report contained in the decision, it is only necessary to add that a *fi. fa.* in favor of Wyatt against Callaway *et al.* was levied on certain property, which was claimed by Chapman. On the trial the court dismissed the levy, on motion, on the ground that before it was made another levy had been made under the same *fi. fa.* and a claim placed in the hands of the sheriff, and that no order of court was obtained to withdraw the *fi. fa.* for a re-levy. Plaintiff excepted to this.

FRED H. WEST, for plaintiff in error.

HAWKINS & HAWKINS, for defendant.

SPEER, Justice.

This claim case being on trial at the November term, 1880, of Lee superior court, when plaintiff tendered in evidence the *fi. fa.* in favor of Wyatt *vs.* Callaway and others which was levied on the property in dispute, claimant moved to dismiss the levy on the property of

claimant on the ground that at the time the levy was made there was a claim case pending in Lee superior court to a levy of said *fi. fa.* previously made on property of Hillsman, and there was no order of court authorizing plaintiff to withdraw said *fi. fa.* and proceed against other property, and moved to be allowed to sustain the facts in his motion by introducing evidence before the court. Counsel for plaintiff objected, which was overruled by the court and plaintiff excepted.   The court heard the testimony.   The evidence showed that the *fi. fa.* was levied in January, 1875, on certain cattle, by the sheriff of Dougherty county, in the possession of Hillsman, who interposed his claim to the same on — January, 1875, and delivered his claim to the sheriff of Dougherty county; that the sheriff of Dougherty returned the *fi. fa.* and claim papers to the sheriff of Lee county.   After this, and before the claim papers were returned into court, plaintiff caused the *fi. fa.* to be placed in the hands of the sheriff of Sumter county, and the levy was made on the property now claimed. The *fi. fa.*, with the claim papers, were then re delivered to the sheriff of Lee county, who returned the *fi. fa.* and both claims to the next term of Lee superior court, as required by law.   After hearing the evidence and argument thereon, the court sustained the motion of claimant's counsel to dismiss the levy, to which judgment plaintiff excepted, and assigns the same as error.

The question is, was the judgment of the court right in dismissing this levy because, after a former levy and claim interposed thereto, and before the claim papers were returned to the court, the sheriff did execute the process anew by a further levy?

In the 19th *Ga.*, page 161, this court say : "After a *fi. fa.* has been levied, a claim interposed under our laws, and *returned to court*, the sheriff has no right to *withdraw* the execution at his pleasure ; but the same must be withdrawn (if at all) by leave and order of the court, granted in his discretion."   This decision is again affirmed in 54 *Ga.*, 587.

In 55 *Ga.*, 399, this court has also held "that the filing of a claim is the commencement of the suit." In both of these cases cited the claim papers had been *returned* into court, and had to be *withdrawn* to execute the process further. In the case now before us the evidence shows that the papers had *never been returned* into court; they were in the hands of its officer, and we see no good reason why, at the pleasure of plaintiff, the same might not be re-levied. We are not inclined to extend the rule beyond what is already adjudicated in the 19th and 54 *Ga.* The duty of the court is to facilitate the processes issued to enforce its judgments, and not to throw obstacles in the way of the collection of a debt adjudged to be due. And we are the less reluctant to reverse this judgment from the fact that the evidence shows that, notwithstanding this second levy, there was no delay in the return of the claim papers in both cases to the next term of Lee superior court, as the law requires. Our judgment, therefore, is that it is only after the paper is filed in office and becomes a paper there of file, is it necessary to ask and receive permission to withdraw it for the purpose of a re-levy.

Let the judgment of the court below be reversed.