## ROSSER *et al. v.* GEORGIA PACIFIC RAILWAY CO.

1. In an ejectment trial wherein the plaintiffs claimed under a judicial sale of the property of a deceased person, and the defendant claimed under a deed from the decedent to a corporation, a predecessor in title of the defendant, an agent of that corporation, to whom such deed was delivered, was not, under any provision of section 5269 of the Civil Code, incompetent to testify as a witness to any material fact.

2. The defense in such case depending upon whether or not the defendant had been, for four years before the levy of the execution under which the property was sold to the plaintiffs, in such bona fide possession as would render the law laid down in section 5355 of the Civil Code applicable, evidence pertinent to this issue was properly admitted.

3. Such defense, if otherwise well founded, could not be defeated by a levy of the execution referred to, upon what purported to be a homestead re-

version in the land, such levy being void for any purpose; nor by any levy of which the defendant had no notice.

(a) Under the decision of this court in *Georgia Pacific Railway Company* v. *Strickland*, 80 *Ga*. 776, and in view of the facts disclosed by the record, the possession of the defendant in the present case was properly treated as having been continuous.

4. A deed incorrectly stating the corporate name of the grantee, or erroneously describing the land intended to be conveyed, may in a proper case, upon proper pleadings and with the necessary parties before the court, be reformed at the instance of the grantee, or a successor in title of the latter; and where in a given case reformation was decreed, the decree will not be set aside merely because there was no attempt to make parties defendant to the proceeding alleged heirs of the deceased grantor, as to whose very existence there was considerable doubt, who had not been heard from for many years, whose names and whereabouts, if really in life, were unknown, and who, under the undisputed facts in proof, had no interest whatever in the result of the case in which such decree was rendered.

5. There was no material error in admitting or in rejecting evidence, nor in the charges complained of; the evidence warranted the verdict, and there was no error in denying a new trial.

Argued June 3, 4, — Decided August 5, 1897.

Complaint for land. Before Judge Lumpkin. Fulton superior court. September term, 1896.

*Rosser & Carter* and *Candler & Thomson*, for plaintiffs.

*Glenn, Slaton & Phillips*, for defendant.

Cobb, J.  E. B. Rosser and B. M. Cook sued the Georgia Pacific Railway Company, in an action of complaint for land, to recover a strip of land containing eleven acres, more or less, in land lots 191 and 224 in the 17th district of Fulton county, such strip being in the possession of the defendant and used by it as a part of its right of way. Both parties claimed title under J. M. Cook as a common grantor. The plaintiffs claimed under a sheriff's deed dated June 5, 1883, reciting a levy and sale of 45 acres of land in the lots above mentioned, as the property of J. M. Cook. The judgment under which this levy was made was rendered May 3, 1870, and was founded upon a debt which had its origin on January 15, 1868. The defendant pleaded the general issue, and also that J. M. Cook, on March 4, 1872, sold the Georgia Western Railroad Company a right of way through the lots above named, being the land in dispute, and that by mutual mistake the deed was

made to the Georgia Western Railway Company, and lot 191 was described as lot number 92; that the Georgia Western Railroad Company entered into possession under this deed, and remained in possession until its property and assets were sold at sheriff's sale to purchasers who formed a corporation by the name of the Georgia Pacific Railroad Company, which latter company, on November 12, 1881, conveyed all of its property to the defendant; that the defendant and its predecessors in title have been continuously in possession from the date of the deed made by J. M. Cook. It was alleged that B. M. Cook, one of the plaintiffs, was the only surviving heir of J. M. Cook, and that there was and had been no administration upon his estate. The defendant prayed that the deed from J. M. Cook to the Georgia Western Railway Company be corrected so as to make the grantee therein the Georgia Western Railroad Company, and to insert lot 191 wherever lot 92 was mentioned. The jury returned a verdict for the defendant, and also a finding that the deed be corrected in accordance with the prayers of the plea. Plaintiffs made a motion for a new trial, which was overruled, and they excepted.

1. On the trial one Flake, the agent of the Georgia Western Railroad Company, was offered as a witness by the defendant to prove the transaction with J. M. Cook which resulted in the execution of the deed to the right of way, which is the foundation of the defendant's title. Objection was made that he was incompetent to testify, under the provisions of Civil Code, § 5269, J. M. Cook being dead at the time of the trial. In the case of *Ullman* v. *Brunswick Title Guarantee & Loan Co.*, 96 *Ga.* 625, the present Chief Justice, in dealing with a question similar to the one now under consideration, uses the following language: "The only cases in which persons are incompetent to testify in the courts of this State, as to transactions or communications with deceased persons, are those specified in the act of October 29, 1889, amendatory of section 3854 of the code. Subsection (c) of the act deals with suits instituted or defended by a corporation, and declares that in such cases 'the opposite party shall not be admitted to testify in his own behalf to transactions or communications solely with a deceased or in-

sane officer or agent of the corporation and not also with surviving and sane persons, officers or agents of said corporation'; but no provision is made as to cases in which the suit is between the corporation and the representative of a party who has since died, and the testimony sought to be introduced is that of an officer or agent of the corporation as to transactions or communications with such deceased person. That this statute is not to be extended by construction so as to embrace cases not strictly within its letter, is made clear by the act itself, it being declared therein that 'there shall be no other exceptions allowed under this paragraph by any court' (i. e., exceptions to the general rule of competency laid down in the section amended) 'than those herein set forth.'" Following the strict construction which the act requires and which the decision quoted gives to it, there was no error in allowing the witness Flake to testify to transactions and communications between him and the deceased grantor in the deed to the company of which Flake was agent. No provision in the section embraces the case under consideration. The suit is not brought by the personal representatives of a deceased person, and therefore the witness would not be excluded by the provisions of the first clause of the section. The third clause of the section, as above shown, does not destroy the competency of the witness offered. The fifth clause, which would be applicable if the defendant were a natural person, can not be made to apply to this case, because the term "surviving or sane party" limits its application to natural persons.

2. The defense in this case depending upon whether the defendant had been, for four years before the levy of the execution under which the property was sold to the plaintiffs, in such bona fide possession that by the terms of section 5355 of the Civil Code the property would be discharged from the lien of the judgment, there was no error in allowing the defendant to prove that its predecessor in title took possession without difficulty under the deed made to it, and exercised acts of ownership without protest from any source, and expended large sums of money on the faith of the title.

3. A purchaser of property takes the same subject to all

judgment liens against the seller, which have been registered or recorded according to the laws of force at the time the judgment was rendered; but if such purchaser is one bona fide and for a valuable consideration, and the judgment creditor permits him in case of real property to remain in possession for four years without seeking to enforce his judgment upon the property, such possession would have the effect of discharging the property from the lien of the judgment. In order for the judgment creditor to preserve his lien as against the property in the possession of such a purchaser, it is necessary for him to pursue the remedy given him by law to collect his judgment within the four years, and in the exact manner which the law prescribes. Therefore, where a levy upon real property has been made by simple entry upon the execution, and no notice of such levy has been given either to the defendant in fi. fa. or to the tenant in possession, as required by section 5426 of the Civil Code, such a levy would not "be sufficient to stop the running of the statute" in favor of the purchaser. *Anderson* v. *Chenney*, 51 *Ga.* 372; *Kendall* v. *Westbrook*, 54 *Ga.* 587; *Zimmer* v. *Dansby*, 65 *Ga.* 89.

Not only must there be notice of the levy, but there must be in all other repects what would amount to a legal levy. If the levy is for any reason void, it will not have the effect of suspending the running of the statute. A levy purporting upon its face to be upon a homestead reversion is unlawful and void. That the homestead was set apart under the provisions of the constitution of 1868, and was therefore not a valid homestead as against the judgment which was founded upon a debt antedating such constitution, would not make such a levy lawful. While the judgment creditor had the right to levy his execution upon the property notwithstanding the homestead, he had no right, after treating it as homestead property, to levy upon it at all. The levy being upon the reversion only, thereby treating the homestead as existing, was illegal and void. *Jolly* v. *Lofton*, 61 *Ga.* 154; *Skinner* v. *Moye*, 69 *Ga.* 477, and cases cited.

The possession of the defendant and those under whom it claimed was properly treated as having been continuous. In

the case of the *Georgia Pacific Railway Company* v. *Strickland*, 80 *Ga.* 776, where the question of continuity of possession was involved, and the facts appear to be similar to those in this record, Chief Justice Bleckley, in the opinion, says: "We do not agree with the apparent position of the court below, that a railroad company is not to be considered in continuous, actual and adverse possession of its graded work until after track is laid and trains begin to run. We think, on the contrary, that entering upon the right of way under a conveyance of it, and grading or partially grading the line at a given place, will constitute possession at that place, and that mere delay to finish the work and put on trains will not hinder the possession from being complete and continuous. It may take years to finish the work of a railroad, and the prosecution of the work may be suspended and resumed many times. No mere suspension of work will oust the company from possession. In determining whether there is possession or not under a grant, the nature and purpose of the grant must be considered; and a grant which contemplates the construction and operation of a railroad involves for its enjoyment the possession of the premises from the time construction commences and during the whole period construction is in progress." We find no error, therefore, in the charge of the court which substantially embodied the principles laid down in this decision.

4. The pleadings and the evidence made a case where it would be proper for a court of equity to correct the deed from J. M. Cook to the Georgia Western Railway Company so as to make it conform to the intention of the parties as to the description of the land conveyed, as well as the grantee to whom it was conveyed. If the necessary parties were before the court, the verdict finding in favor of such reformation will stand. There was before the court every person who, at the time of the trial, was interested in the property in dispute, or who could thereafter be in any way interested as claimants under the original parties to the deed sought to be reformed. The plaintiffs were the purchasers at a judicial sale of all of the interest of the estate of J. M. Cook, the grantor; the defendant was the successor in title of the grantee. If the property did

not belong to the defendant under the title which it set up, then it belonged to the plaintiffs under the title obtained by them at the judicial sale. Neither the estate of J. M. Cook nor his heirs have, or can have, any interest whatever in the property. This being the case, neither the legal representatives nor the heirs of J. M. Cook were necessary parties to the proceeding. It however appeared that there had been no administration upon the estate of. J. M. Cook, and that B. M. Cook, one of the plaintiffs, was his son, and that while there were other children, they had not been heard of for years, and if still in life, which was doubtful, their whereabouts was unknown. Under the circumstances, the decree reforming the deed will not be set aside merely because there was no attempt to make these heirs of the grantor parties to the case.

5. The evidence authorized the verdict, and as the errors complained of which are not referred to above were not of such a character as to materially affect the rights of the losing party, there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*