THE CENTRAL RAILROAD AND BANKING CO. *v.* MALTSBY.

1. In so far as the evidence of an employee of one of the parties conflicts with that of other witnesses, the jury may look to his employment as a fact which may affect his credibility.
2. A request to charge covered by the general charge need not be given.
3. The evidence being that the plaintiff was furnished with a coupling-stick to be used till he learned how to couple without it, and that his injury was received after he had learned to couple without a stick and had on many occasions done so, some of the instances being in the presence of his superior officers, who made no objection, the court properly denied a request by the defendant to charge the jury that if the plaintiff, in undertaking the service, was furnished with a coupling-stick and directed to use it in coupling, but did not use it at the time of the injury, and attempted to make the coupling with his hand instead of the stick, and was hurt in making such attempt, he could not recover.
4. That an engine was defective is not established by the testimony of the plaintiff that the engineer told him, some days after the injury, that it had certain defects; although the engineer had testified that he did not so tell him. Impeaching the evidence of the engineer by contradicting him as to what he had said, would not prove that what he had said was true. *Watts* v. *Starr*, 86 *Ga.* 392. Such impeaching evidence being the only evidence touching any defect in the engine, there was nothing on which to base instructions to the jury to "look to the evidence and determine whether the engine was defective, . . . whether there was a leak in the steam, which escaped into the cylinders and caused the accident." So instructing was consequently erroneous.
5. Answers to hypothetical questions as to how an engine would act if steam escaped into the cylinders, etc., would not establish the fact that there was a defect in the engine, without evidence that the particular engine acted in that manner.

December 6, 1892.

Evidence. Witness. Charge. Railroad. Negligence. Before Judge MILLER. Bibb superior court. April term, 1892.

R. F. LYON, for plaintiff in error.

W. MINTER WIMBERLY, *contra.*

SIMMONS, Justice.

The injury on account of which the action was brought was the mashing of the plaintiff's hand while

he was coupling cars as a "car-coupler" of the defendant. The following appeared from the evidence: A train of cars attached to an engine was to be coupled to a single car, and the plaintiff signalled to the engineer to back the train towards the car. The train came back slowly until within about twelve inches of the car, and stopped. The plaintiff, who had gotten between the train and the car in order to make the coupling, signalled again, doing so with a coupling-stick which he held in his right hand; and at the same time lifted the link with his left hand; but before he could draw his hand out, the cars came together and mashed his fingers. In approaching the car the train was upon a downward grade. The plaintiff testified that by his signal he had directed the engineer to come back slowly, and that if the train had come in that manner he could have made the coupling without getting hurt; but that instead it jumped back suddenly and with great force. According to the declaration, this sudden movement was due to the fact that the vacuum brakes on the engine were out of order. It was alleged that in order to stop the engine, when the first stop was made in coming back, the engineer, instead of putting on the brakes, threw the reverse lever forward, and that this left the cylinders full of steam, so that when the engine started the last time it bounded back in the manner above stated. No witness testified, however, that the brakes were in this condition, or that the engineer failed to use the brakes and used the lever instead. On the contrary, the engineer testified that the engine was in good condition, and that in coming back he did not use the lever at all, but used only the brakes; that he simply let the brake off and slacked the engine, and the train rolled back slowly. The plaintiff, in rebuttal, testified that three days after he was hurt the engineer said to him that at the time of the injury "the engine was stiff in the joint

and machinery, and it was all that he could do to manage the reverse lever and pull her back and forward; that the throttle leaked, and he had to work it altogether with the reverse lever, and he pulled her back down grade and she jumped back." Hypothetical testimony was introduced to show that if the engine was in the condition alleged, it would jump back in the manner stated.

Unless the statements attributed to the engineer could be treated as evidence of the defective condition of the engine, there was nothing in the testimony to show that such a condition existed or had anything to do with the injury, except in so far as it might be inferred from what the plaintiff testified as to the rapidity with which the train came back. Such statements, however, as the engineer may have made out of court, though they may have tended to impeach him, were not evidence as to the truth of anything he may have said. Not being a part of the *res gestæ*, they were clearly inadmissible as declarations or admissions against the railroad company. Code, §2206; *Chattanooga R. Co.* v. *Liddell*, 85 *Ga.* 487(2), and cases cited; Vicksburg & Meridian R. Co. *v* O'Brien, 119 U. S. 99. The utmost the plaintiff could accomplish by proving such statements would be to show that the witness was unworthy of credit, and thus destroy the effect of his testimony; but the elimination of his testimony from the case would not tend in any degree to set up as evidence the contradictory matter stated by the witness out of court. Proof that statements out of court were at variance with the sworn statements in court would not tend to show that the former were true, or give any value as substantive evidence to matter which, except for the purpose of showing that the witness was unworthy of belief, would not be admissible at all. There was consequently no evidence on which the court could base

instructions to the jury to "look to the evidence and determine whether the engine was defective, . . whether there was a leak in the steam, which escaped into the cylinders and caused the accident." Moreover, this part of the charge was calculated to mislead the jury as to the effect of the testimony before them. No explanation being made elsewhere in the charge, nor, so far as appears, at any other time during the trial, which would restrict the effect of the statements claimed to have been made by the engineer out of court, so that the jury would understand that they were to regard them merely as impeaching testimony, and these being the only statements before them as to the alleged defective condition of the engine, the inference from the instructions here quoted would be that they were authorized to consider such statements as evidence on that subject. These instructions, therefore, were clearly erroneous. On this subject see *Watts* v. *Starr*, 86 *Ga.* 392. It was there held that "though declarations made out of court by a witness may be used to impeach the witness, they cannot be treated as substantive evidence to establish the facts which they affirm; and a charge of the court so treating them, whether expressly or by necessary implication, is erroneous. Such a charge is vicious as based on an assumed state of facts, where this class of declarations is the only evidence to which it could apply." Because of the error stated, the judgment of the court below denying a new trial is reversed.

Other questions in the case are dealt with in the head-notes. As to the exception ruled upon in the first head-note, see *Central R. Co.* v. *Mitchell*, 63 *Ga.* 173. The charge requested, which it is complained the court refused to give, was sufficiently covered by the general charge as given.	*Judgment reversed.*