10863.   CHENEY *v.* BANK OF BREMEN.

</div>

JENKINS, P. J. 1. "When an admission is given in evidence, it is the right of the other party to have the whole admission and all the conversation connected therewith." Civil Code (1910), § 5783. "In all cases where the personal representative of the deceased or insane party has introduced a witness interested in the event of a suit, who has testified as to transactions or communications on the part of the surviving agent or party with a deceased or insane party or agent, the surviving party or his agent may be examined in reference to such facts testified to by said witness." Civil Code (1910), § 5858 (6). The evidence which in this case thus forms the basis of the other testimony objected to by the plaintiff was given by the plaintiff himself, and in answer to a question by his own counsel; and while the plaintiff's counsel subsequently, during the cross-examination, moved to exclude the original testimony of the plaintiff, on the ground that it was not responsive to the question of his counsel, the court did not err in re-

fusing to exclude such evidence as thus given by the plaintiff, when the motion to exclude was not promptly made. The first and second grounds of the amendment to the motion for a new trial are therefore without merit. See *Birmingham Lumber Co.* v. *Brinson,* 94 *Ga.* 517 (1) (20 S. E. 437); also, as bearing upon the admissibility of the testimony of the cashier concerning the transaction had with the decedent, *Ullman* v. *Brunswick Title Guarantee &c. Co.,* 96 *Ga.* 625 (1), 628 (24 S. E. 409); *Rosser* v. *Georgia Pacific Ry. Co.,* 102 *Ga.* 164, 166 (1) (29 S. E. 171); *Maxwell* v. *Imperial Fertilizer Co.,* 103 *Ga.* 108 (29 S. E. 597); *Cody* v. *First Nat'l Bank,* 103 *Ga.* 789 (3) (30 S. E. 281); *Holston* v. *Sou. Ry. Co.,* 116 *Ga.* 656 (43 S. E. 29); *Bank of Southwestern Georgia* v. *McGarrah,* 120 *Ga.* 944 (5) (48 S. E. 393).

2. "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." Civil Code (1910), § 5782. Thus, in a suit by a decedent's administrator against a bank for the recovery of a deposit claimed to be due the estate, where it appears that the decedent's pass-book had been written up, showing the payment of the item in dispute and that the account stood balanced, which pass-book had been delivered to, and was accepted by, the decedent, several years prior to his death, and retained in his possession up to the time of his death, it was not error for the judge to instruct the jury that a failure of the depositor to make objection or complaint as to the statement thus rendered could be accounted as an admission on his part as to the correctness of the statement.

3. The only issue of fact on the trial of this case was whether the payment made by the cashier to the decedent on a certain check from his admitted deposits was in the sum of $11.50 or $1150. The check under which the payment was made was in form as follows:

·· Bremen, Ga., Oct. 25, 1906.

"Bank of Bremen.

" Pay to cash or order, $1150.00
" Eleven & 50/100 . . . . . . . .Dollars.

" I. N. Cheney, M. D."

The judge correctly charged the jury that in construing the instrument the words written into the body of the check would control the figures written in the margin, but that the real issue for their determination was the question as to which amount was actually paid thereon. He elsewhere charged them, however, that the burden of proof rested on the plaintiff depositor. *Held*: Since the amount of the deposit is undisputed, the burden of proof to show payment shifted to the defendant bank, but in view of the facts set forth in the preceding paragraph, taken together with the clear and convincing evidence in favor of the defendant, which is substantially undisputed, save by the written portion of the check itself, the charge in reference to the burden of proof cannot properly be taken as reversible error. 2. Michie, Banking, 1343; *Anderson* v, *Leverich,* 70 Iowa, 741 (30 N, W, 39); *Nat, Bank* v, *Ta-*

coma Mill Co., 182 Fed. 1 (104 C. C. A. 441). See *Lazenby* v. *Citizens Bank*, 20 *Ga. App.* 53 (2) (92 S. E. 391).

<div align="center">

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED APRIL 7, 1920.
</div>

Complaint; from Haralson superior court — Judge Irwin. July 1, 1919.

*I. N. Cheney Jr., H. J. McBride,* for plaintiff.

*Griffith & Matthews,* for defendant.