39620. TRAVELERS INSURANCE COMPANY
et al. v. HUTCHENS.

DECIDED SEPTEMBER 6, 1962—REHEARING DENIED
SEPTEMBER 25, 1962.

*Sanders & Mottola, Chas. Van S. Mottola,* for plaintiff in error.

*Henry N. Payton,* contra.

EBERHARDT, Judge. The primary question in this case revolves around a hypothetical question asked of the medical witnesses. The question related the physical facts set out above but also assumed that the decedent had lifted the die to the lathe. One of the doctors testified in response to the hypothetical question that the exertion of lifting the die *did* precipitate a coronary occlusion, which opinion is sufficient to support the award in this respect. *U. S. Cas. Co. v. Thomas,* 106 Ga. App. 441 (127 SE2d 169). The employer insists that it was not proven that the decedent lifted the die and that the director therefore could not consider the answer.

The claimant replies that on at least one occasion the question was asked and there was no objection and that any error in admitting the answer was harmless. While this is generally true, the rule is of no help to claimant here since in workmen's compensation cases the director may admit any and all evidence but presumptively relies only on competent and valid evidence in making his findings of fact to support the award. *Liberty Mut. Ins. Co. v. Meeks,* 81 Ga. App. 800, 803-805 (60 SE2d 258); *Rittenhouse v. U. S. Fidelity &c. Co.,* 96 Ga. App. 407 (1) (100 SE2d 145); *General Acc. Fire &c. Corp. v. Teal,* 100 Ga. App. 314 (2) (111 SE2d 113). The critical fact here is the exertion, and if this fact was not proved by any method, the answer to the hypothetical question could not be used as the basis for the award. See *Kuttner v. Swanson,* 59 Ga. App. 818 (5) (2 SE2d 230); *Ellis v. Southern R. Co.,* 89 Ga. App. 407 (1) (79 SE2d 541); *Mutual Ben. Health &c. Assn. v. Hickman,* 100 Ga. App. 348 (2), 361-362 (111 SE2d 380).

Claimant relies on circumstantial evidence as set out in the statement of facts to prove the exertion. The employer admits that this circumstantial evidence points to the fact of exertion but contends that the circumstances do not point to only one conclusion, as required by *Employers Liab. Assur. Corp. v. Woodward,* 53 Ga. App. 778 (3) (187 SE 142). It contends that the facts that decedent was instructed by the company to have

assistance and that he had been told by his physician to avoid over-exertion makes more than one conclusion possible. Whatever else may be the meaning of *Woodward*, we think that the circumstances relied on to rebut the conclusion must be related to the specific incident, if that is the type of fact relied on to support the conclusion. Here the facts in the latter category (i.e., that the die blank was placed in the lathe and that no one testified that he helped the decedent put it there) relate to the specific incident to be established by circumstantial evidence. See *Herman v. Aetna Cas. &c. Co.*, 71 Ga. App. 464 (3), 469-470 (31 SE2d 100).

The question of whether the exertion was *proven* by the circumstances was one for the trier of fact. *Metropolitan Life Ins. Co. v. Saul*, 189 Ga. 1, 7-8 (5 SE2d 214); *Freeman v. State*, 190 Ga. 335, 337 (9 SE2d 236). In this context, if the director should find that the exertion was not proved by circumstances, then he could not use the answer in making his findings and award and an award of compensation would be without evidence to support it on this vital point. See *Callaway Mills Co. v. Hurley*, 104 Ga. App. 811 (1), 814 (123 SE2d 7). However, since the director did find that the fact of exertion was proved, he was authorized to utilize the answer to the hypothetical question, whether objected to or not, and thus the award is supported by competent evidence.

This disposition of the case makes it unnecessary to consider claimant's contention relating to the presumption that a death arose out of and in the course of the employment where an employee is found dead in a place where he might reasonably be expected to be in the performance of his duties (see *Hartford Acc. &c. Co. v. Cox*, 101 Ga. App. 789, 115 SE2d 452), and the employer's contention that this presumption had been rebutted. Further, it is not necessary to pass on the issue of the admission of a death certificate and an autopsy report.

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*

ON MOTION FOR REHEARING.

Counsel for plaintiff in error urge that the only fact offered by the claimant for carrying the burden of proving the fact of exertion was the presence of the die blank in the lathe. We

think that there was more. The supervisor of the department where the deceased employee worked testified that the die blanks were stored about five feet from the lathe, that normally a lathe operator did have help in moving the heavy ones into place and that "all he had to do in using it was roll it over there to the floor, and how he got this piece into the lathe I don't know." A fellow lathe operator testifying as to the manner in which the operation was carried on in the shop said that the operator handled all of the different types of die blanks, putting them onto the lathe, that "I just pick them off the floor and lay them in the lathe." He further testified that the work he did and that which the deceased employee, Hutchens, did were the same. The evidence disclosed that very little work had been accomplished on the die blank in Hutchens' lathe, indicating that it had not been in place for more than about 30 or 40 minutes, and that he suffered his fatal attack at the lathe around 1:30 p.m., having been at work since 8 a.m.

The director, as everybody else, knew that the die blank had to be moved into place by somebody, and since it was a part of the usual work of the lathe operators in that shop to lift the die from the floor onto the lathe and since there was nothing in the evidence to indicate that the die on which Hutchens was working at the time of his death had gotten there in any other manner, there was enough circumstantial evidence to authorize the finding that he did so. That Hutchens had been admonished to get help in lifting blanks that were too heavy for him or that his physician had warned him to avoid over-exertion leads to no different conclusion, for it was simply a matter of judgment on his part as to whether the lifting of any die blank would result in over-exertion or whether he would need help in lifting it.

*Motion denied.*