43729, 43730. NORMAN v. ALLEN (two cases).
43731, 43732. NORMAN v. WOOD (two cases).

ARGUED JUNE 5, 1968—DECIDED SEPTEMBER 3, 1968— REHEARING DENIED SEPTEMBER 26, 1968—

*Neely, Freeman & Hawkins, Joe C. Freeman, Jr., Thomas H. Harper, Jr.,* for appellant.

*Walter W. Calhoun,* for appellees.

DEEN, Judge. ■ Norman's car left the highway suddenly and at an angle, crashing into the left front side of plaintiff's Pontiac and actually climbing up onto it from the force of the impact. One witness thought it was about 100 yards away at the time it left the road. No mechanical defect in the car seems to have been involved; therefore the collision resulted from loss of control on the part of the driver, due either to negligence or physical disability. The death certificate showed "cardiac and respiratory arrest due to multiple trauma of head, chest and pelvis." The autopsy report and explanatory deposition of the medical examiner showed physical changes in the body of the deceased suggesting advanced arteriosclerotic cardiovascular disease, with a complete occlusion of one coronary artery. There is testimony that this type of individual is very susceptible to heart attacks. "By the great weight of authority, if not universally, the rule is that there is no liability for negligence or for gross negligence on the part of an operator of a motor vehicle who, while driving, is suddenly stricken by a fainting spell, or loses consciousness from some unforeseen reason. Such loss of consciousness is a complete defense to an action based upon negligence, and if it appears from the plaintiff's evidence he fails to demonstrate a right to recover, making the nonsuit a proper disposition of the matter." *Freeman v. Martin,* 116 Ga. App. 237, 239 (156 SE2d 511). That the driver of the defendant's vehicle violated traffic regulations and that this resulted in injury to the plaintiff is undisputed. The burden is then placed squarely upon the defendant to offer an explanation of the disaster other than negligence, and he attempts to meet this by showing circumstances raising an inference that the loss of

control was due to a sudden seizure resulting from the driver's physical condition. In deciding whether the evidence offered is sufficient to raise a genuine jury issue, the party opposing the motion for summary judgment "is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence." *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 5 (126 SE2d 442). The likelihood of the defendant losing control of the vehicle because of speed or other negligence in driving as opposed to the inference that he had a heart attack resulting from an occlusion of the coronary artery is one which cannot be weighed and decided as a matter of law. The trial court erred in granting the motion for summary judgment.

■ The defendant introduced in evidence a deposition of Dr. Ellis accompanying an autopsy report on Norman, which latter showed it was performed by the Department of Pathology of Emory University and contained the notation: "Gross and final review: Dr. John T. Ellis." The witness testified that the report was made up from the findings at the autoposy and in the regular course of autopsy procedure, and that it was the normal course of business for the resident to make pencil notes and drawings and at a later time dictate the gross description; that deponent served in supervision of the entire matter, went over the work done and notes taken, and personally examined all of the organs. Under this testimony an objection to the entire deposition on the ground that the autopsy was performed by another physician and not from the witness' personal knowledge is without merit. A further objection was on the ground that the conclusions of the witness were based on statements of other persons, facts assumed but not in evidence, and information obtained by another physician. The court overruled the objections except "with respect to conclusions based upon statements of other persons, facts assumed but not in evidence, and particularly the portion of the testimony relating to the cause of death" of Norman. We construe this as an order overruling the objections, which were directed to the deposition as a whole, plus a statement that the trial court was

not considering any conclusions of the witness based either on hearsay information or on facts not in evidence, and that in particular this excluded any opinion of the witness as to the cause of death. So construed, the ruling is not error. Hearsay testimony has no probative value in any event. *Thompson v. Ammons,* 160 Ga. 886 (4), 890 (129 SE 539). But since the autopsy report was properly in evidence as a report prepared in the regular course of business of a medical department whose regular course of business was to prepare such reports, under the supervision of the witness who had made personal examination of the organs involved, any matter of fact in the autopsy report was a proper subject for opinion evidence. *Code Ann.* § 38-711. This would not include statements of the opinions or diagnosis of others. *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370); *Meeks v. Lunsford,* 106 Ga. App. 154 (1) (126 SE2d 531). As to hypothetical questions, the answer is not proof that the conclusion reached by the witness applies to or establishes any fact in the case on trial unless it also appears that there is evidence of the salient facts assumed in the hypothetical question. *Central R. & Bkg. Co. v. Maltsby,* 90 Ga. 630 (5) (16 SE 953). The only hypothetical question posed in the deposition was whether, considering the autopsy findings plus the fact that Norman, driving down the expressway, suddenly drove his automobile across the median into oncoming lanes of traffic *and it was further known that he had been seen to slump over the wheel of his vehicle at some point as he came across the median,* this would be "consistent with Mr. Norman having had a heart seizure of some sort that would disable him to the extent to cause him not to be able to control his vehicle." The answer was affirmative, but was not, of course, an expression of opinion as to the cause of death. On the other hand, it had no probative value because there was no testimony that Norman did in fact slump over the wheel of the car or do any other act to suggest loss of control. Of his own knowledge the witness said only that he was not in position to come to any overall conclusion as to whether Norman had suffered a heart attack, since a heart attack means necrosis of the heart which takes about 12 hours to develop and no necrosis was ob-

served at autopsy, but that, in his medical opinion, the findings were not inconsistent with his having a spontaneous heart attack of some sort. The rulings on the objections to the deposition are not erroneous because (a) the deposition should not be excluded in its entirety, and (b) with or without objection, the trial court should not consider hearsay evidence, or answers to hypothetical questions not based on facts in evidence.

The grant of the summary judgment was error.

*Judgment reversed. Jordan, P. J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. I concur in the opinion as written, but feel that some explanatory remarks are necessary in view of the quotation from *Freeman v. Martin,* 116 Ga. App. 237, 239 (156 SE2d 511). As I see it, the rule stated does not remove liability for negligence, but, where the loss of control is caused solely by the unforeseen physical attack on the consciousness of the driver and this is the sole proximate cause of the injury complained of, and the attack causing the unconsciousness could not have been foreseen by the driver in the exercise of ordinary care, *there is no negligence.* If the driver also be negligent in some way and this negligence is a contributing proximate cause to the injuries complained of, the driver may be liable irrespective of the sudden physical attack causing unconsciousness. The rule stated, therefore, should be based upon the absence of negligence rather than non-liability for negligence under the circumstances.