46821.   GEORGIA POWER COMPANY v. CRUTCHFIELD.

QUILLIAN, Judge. Vivian Crutchfield filed a workmen's compensation claim on behalf of herself and her two minor children for benefits resulting from the death of her husband.

The deceased was employed by Georgia Power Company as the local manager of its office in Perry, Georgia. By virtue of his position the deceased won a trip which was paid for by Maytag to its plant in Newton, Iowa. Georgia Power Company sold Maytag appliances as well as others in its Perry office. While the contest and the trip were sponsored by Maytag the deceased was paid his regular salary while on the trip and the time did not count against his vacation time. During the trip to Newton the deceased toured the Maytag plant which involved his walking and up and down a flight of stairs. After the tour was completed the deceased got in an automobile and had a heart attack while en route to lunch.

The deputy director entered an award denying compensation which was reversed by the full board with one director dissenting. This award was affirmed by the superior court and the case is here for review. *Held:*

1. The employer contends that the deceased was not on company business at the time of his death and he was therefore not in the course of his employment. With this contention we cannot agree. *Cabin Crafts, Inc. v. Pelfrey,* 119 Ga. App. 809 (168 SE2d 660).

2. The employer argues that it did not receive the notice of the accident as required by *Code* § 114-303. There was an official of the employer on this same trip who had knowledge of the circumstances surrounding the deceased's death. Thus, the employer's argument is without merit.

3. A medical witness for the claimants was allowed over objection to answer a hypothetical question which was supposed to describe the deceased's actions on the morning of the heart attack. However, the hypothetical question contained the following: "this person was seen to take some type of pill, and said person remarked to others that he was tired and chose not to complete the tour which scheduled a period of time which would have been spent walking through the plant office."

A study of the record shows that no such facts were proven either prior or subsequent to the asking of the hypothetical question. Testimony of an expert witness should not be admitted in evidence where his opinion is based on facts stated in a hypothetical question which are not proven by other witnesses or other competent evidence. *Ellis v. Southern R. Co.,* 89 Ga. App 407 (1) (79 SE2d 541); *Mutual Ben. Health &c. Assn. v. Hickman,* 100 Ga. App 348 (2) (111 SE2d 380). The admission of this evidence was error and requires that the award be reversed. This judgment of reversal is not to be construed as precluding the trial court from exercising its discretion to recommit the award to the State Board of Workmen's Compensation to hear additional evidence on the question whether the deceased's death arose out of his

employment. *Ga. Cas. &c. Co. v. Conner,* 117 Ga. App. 233, 236 (160 SE2d 436); *Hartford Acc. &c. Co. v. Cox,* 191 Ga. 143 (11 SE2d 661); *Code* § 114-710.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.* ARGUED JANUARY 10, 1972—DECIDED FEBRUARY 14, 1972.

*Richard W. Best,* for appellant.

*Aultman, Hulbert, Cowart & Daniel, Edwin S. Varner, Jr.,* for appellee.