59285. RUSSELL et al. v. RELIANCE INSURANCE
COMPANY et al.

SMITH, Judge.

This is an action for breach of contract and also for fraud and deceit. Appellants, plaintiffs below, bring this appeal from an adverse jury verdict and judgment, contending that the trial court erred in admitting certain testimony relating to prior cancellations of insurance policies not related to the policies or issues in this case. We affirm.

On August 22, 1979 appellants paid $200 to one of appellees' insurance solicitors. Approximately two months later one of appellants' properties was destroyed by fire. Appellants contended that as consideration for the payment, the solicitor promised to secure insurance coverage for the subject property. Appellees countered that the payment was the amount needed to bring appellants' account up to date and that the solicitor promised only that he would *attempt* to have their policies reinstated since they had already been cancelled for nonpayment of premium. Appellees cited appellants' long record of nonpayment of premiums as the reason for their inability to secure the requested insurance coverage.

In addition to her direct testimony regarding the circumstances surrounding the $200 payment, appellant Georgia

Russell testified on cross examination that she never insured the subject property with anyone other than the solicitor's agency; that she could not recall whether any other policies issued to appellants through that agency had been cancelled for nonpayment of premium; that the only cancellation of an insurance policy of hers for nonpayment of premium occurred when she sold an automobile and then ceased paying premiums; and that the only insurance she had placed with any other agency was truck insurance and this was not cancelled for nonpayment of premium. Over objection, appellants were allowed to present evidence for impeachment purposes by the employee of an insurance agency not a party in this case to the effect that his agency had in the past provided a wide range of insurance coverage to appellants, including fire insurance on the subject property, and that these policies had been cancelled for nonpayment of premium. Appellant contends that the admission of this evidence constitutes reversible error.

While evidence of conduct in other transactions is generally deemed to be irrelevant, the evidence objected to here was merely cumulative of appellees' testimony recounting numerous cancellations of insurance for nonpayment of premium which was admitted without objection. Therefore, any error in its admission was harmless. *Atlantic C.L.R. Co. v. Blount,* 116 Ga. App. 86 (3) (156 SE2d 409) (1967).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JANUARY 17, 1980 — DECIDED MAY 12, 1980.

*Don M. Jones,* for appellants.
*John F. Davis,* for appellees.