A95A2072. KINES et al. v. CITY OF ROME et al.
(470 SE2d 311)

BLACKBURN, Judge.

The claimants appeal the reversal of the administrative law judge's (ALJ) award as affirmed by the appellate division of the Workers' Compensation Board, based on the trial court's conclusion that there was no competent evidence to support the award.

The issue we are confronted with is whether there was "any" competent and credible evidence to support the finding by the ALJ that deceased's heart attack was attributable to his employment, and was thus covered by workers' compensation. See *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 411 (224 SE2d 65) (1976).

Kenneth Kines, age 44, a 22-year veteran of the City of Rome Police Department, died after suffering a heart attack while at home, at least 36 hours after his last work shift. As a result, there is no natural inference that the heart attack was work-related. *Southwire Co. v. Cato*, 250 Ga. 895, 898 (302 SE2d 91) (1983).

Claimants contended that the heart attack resulted from on-the-job stress and offered expert medical testimony to support their claim. In order to establish a causal relationship between the employment and the injury, the claimants produced the depositions of two

expert witnesses who had never treated, nor were personally familiar with, the deceased.

In their depositions, the expert witnesses testified that, *based on the hypothetical facts submitted to them*, they believed that job stress was probably a significant factor in bringing on the deceased's heart attack.

One expert was told to assume that there was no family history of heart disease, and the other was told to assume that there was only a mild to moderate family history of heart disease. Uncontroverted testimony, however, established that while there might be little family history of heart disease in the deceased's father's family, the deceased's mother's family had a long history of heart disease. In fact, the deceased's mother was one of ten children, of which seven died from heart or cardiovascular problems.

This fact was not included in the hypothetical and would likely have resulted in a different response from the experts, whose actual responses are rendered meaningless by the omission.

In finding that the heart attack was work-related, the ALJ stated that his finding was based largely on these depositions. The trial court reversed the award of the ALJ, as affirmed by the appellate division of the Workers' Compensation Board, ruling that certain hypothetical questions posed to the physicians misstated the facts concerning the deceased's family history with regard to cardiovascular problems and, therefore, the responses to such questions must be disregarded.

"Testimony of an expert witness should not be admitted in evidence where his opinion is based on facts stated in a hypothetical question which are not proven by other witnesses or other competent evidence." *Ga. Power Co. v. Crutchfield*, 125 Ga. App. 488, 489 (188 SE2d 140) (1972). The sufficiency of the facts supporting an expert's opinion usually goes to the weight, rather then admissibility, of the expert's testimony. See *Krause v. Vance*, 207 Ga. App. 615, 616 (428 SE2d 595) (1993). Here however, the facts not supplied to the expert witnesses resulted in questions that were not just insufficient, they were misleading. As a result, the testimony provided in the expert depositions was not competent and credible evidence.

Claimants contend that the circumstantial evidence they offered as to the good health of the deceased, and of his father and siblings, somehow conflicts with the circumstantial evidence that his mother, and her family, had a long history of heart and cardiovascular problems and that the trier of fact resolved this conflict. There was no conflict here to be resolved. The mother's family history is undisputed, and its absence in the hypothetical question cannot be ignored. The superior court correctly concluded that the ALJ could not base his award upon responses to flawed hypothetical questions. This type

of misleading hypothetical question and resultant response is subject to appellate review, as the ALJ's award on this evidence was clearly erroneous and review is for the correction of errors.

There was testimony that the deceased, as a police officer, had a stressful job involving physical exertion and was demoted several years earlier. There was also evidence that the deceased had been involved in a meretricious relationship for four years and that his wife was pregnant at the time of his death, facts that would reasonably generate far more stress than would a job he had performed without physical problems for 22 years. The evidence of the deceased's dissatisfaction with his employment does not establish a causal connection between his employment and his heart attack.

Accordingly, we affirm the reversal of the ALJ's award by the superior court.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I, respectfully, dissent from the judgment affirming the superior court's reversal of the appellate division's award of death benefits to the widowed claimant and her dependents in this workers' compensation case. In my view, there was competent evidence to support the hypothetical questions posed to claimants' medical experts. Consequently, the award of death benefits is itself supported by some evidence, and the superior court erred in failing to affirm under the "any evidence" standard of review.

Kenneth Kines, a 22-year veteran of the City of Rome Police Department, died after suffering a heart attack at home at the age of 44. Claimants maintain that the heart attack resulted from on-the-job stress. Claimants' contention was embraced by the administrative law judge, who awarded the payment of death benefits. The appellate division adopted the award of the administrative law judge. But the superior court reversed the award of the appellate division based on its conclusion that there was no competent evidence which authorized that award. The superior court ruled that certain hypothetical questions posed to the physicians misstated the facts concerning Kenneth Kines' family history with regard to cardiovascular problems. This discretionary appeal is taken from the superior court's reversal of the appellate division.

"Georgia law recognizes three forms of competent evidence for establishing a causal connection between work activities and cardiovascular problems such as heart attack and stroke: (1) medical opinion, (2) lay observation and opinion and (3) the 'natural inference through human experience.' Hiers and Potter, Ga. Workers' Compen-

sation — Law and Practice, § 6-2 citing *Guye[ v. Home Indem. Co.,* 241 Ga. 213, 215 (244 SE2d 864)], and *Carter v. Kansas City Fire &c. Ins. Co.,* 138 Ga. App. 601 (226 SE2d 755) (1976)." *Reynolds Constr. Co. v. Reynolds,* 218 Ga. App. 23, 24 (459 SE2d 612). Claimants primarily utilized the first of these forms, presenting the depositions of two physicians. Neither of the doctors had examined Kenneth Kines but offered their opinions, in response to hypothetical questions, that on-the-job stress could have contributed to the fatal heart attack. "As to hypothetical questions, the answer is not proof that the conclusion reached by the witness applies to or establishes any fact in the case on trial unless it also appears that there is evidence of the salient facts assumed in the hypothetical question. *Central R. & Bkg. Co. v. Maltsby,* 90 Ga. 630 (5) (16 SE 953)." *Norman v. Allen,* 118 Ga. App. 394, 396 (2), 397 (163 SE2d 859).

The physicians testified that family history is one of the major factors in determining risk for heart attacks. One physician was asked to assume that there was no family history of heart disease while the other was asked to assume a mild to moderate history, a classification which had earlier been elicited from that physician via a recital of claimants' evidence on this issue. The claimants presented evidence as to the good health of Kenneth Kines, prior to the heart attack, and of his father and brothers. The claimants' evidence was not entirely positive since Kenneth Kines' mother had died of a stroke in her 50's. As used to establish an inference concerning the family's overall medical history, this was circumstantial evidence that Kenneth Kines did not have congenital heart problems. In opposition, the employer presented the testimony of a first cousin of Kenneth Kines, who related a significant family history of heart trouble, including genetic heart problems. The mother of Kenneth Kines was one of twelve children, ten of whom survived their infancy. From the ten, four of five males have died with heart trouble, while three of the five females have died from various cardiovascular diseases. Consequently, the circumstantial evidence presented by claimants is contrasted with the circumstantial evidence that defendant had congenital heart problems because four out of five males on his mother's side had congenital heart problems.

"'(R)eliance may be had upon circumstantial evidence for the proof of an essential fact in the framing of a hypothetical question. . . .' *Wells v. Alderman,* 117 Ga. App. 724, 735 (11) (162 SE2d 18) (1968)." *Hyles v. Cockrill,* 169 Ga. App. 132, 136 (8) (312 SE2d 124). "Generally, '(w)here reliance is made upon circumstantial evidence alone for proof of one of the essential facts assumed in the framing of a hypothetical question, the trier of fact may consider the answer to the question only if it has first determined that the assumed fact has been satisfactorily established.' *Travelers Ins. Co. v.*

*Hutchens,* 106 Ga. App. 631 (127 SE2d 712) (1962). The trier of fact, and not the court, decides whether the assumed fact is actually proved by the circumstantial evidence. *Shannon v. Kaylor,* 133 Ga. App. 514 (211 SE2d 368) (1974). Nevertheless, it is for the court to decide whether a conclusion assumed is at least supported by the circumstantial evidence before allowing the matter to go to the jury [or factfinder] for its determination as to whether the evidence actually established the fact. *Southeastern Fidelity Ins. Co. v. Stevens,* 142 Ga. App. 562 (236 SE2d 550) (1977)." *Warmack v. Mini-Skools Ltd.,* 164 Ga. App. 737 (1), 738 (297 SE2d 365).

In my view of the case sub judice, the opposing inferences authorized by the circumstantial evidence of the absence or presence of Kenneth Kines' genetic heart problems do not vitiate the sufficiency of claimants' evidence to support the non-existence of such congenital problems. "Although the circumstances proved might also support other conclusions, they were sufficient for the purpose of posing the hypothetical question[s] to the expert witness." *Krause v. Vance,* 207 Ga. App. 615, 616 (1) (428 SE2d 595). In my opinion, the superior court erred in concluding that the physicians' answers to the factually supported questions lacked foundation and any probative value. Since there is circumstantial evidence that Kenneth Kines did *not* necessarily have cardiovascular disease from his mother's side of the family, the hypothetical questions put to the physicians by claimants are supported by evidence insofar as they assume a moderate level or absence of heart disease. I would reverse the judgment of the superior court with directions to reinstate the appellate division's award of death benefits. As my colleagues in the majority would nevertheless affirm the judgment of the superior court in setting aside an award supported by competent evidence, I respectfully dissent.

DECIDED MARCH 15, 1996 — 

*Mundy & Gammage, Miles L. Gammage,* for appellants.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Robert L. Berry, Jr., Hendrick L. Cromartie III,* for appellees.

*Hamilton, Westby, Marshall & Antonowich, Andrew J. Hamilton, Robert C. Buck,* amici curiae.