A97A1469. BLUN et al. v. REDD'S COMMERCIAL
REFRIGERATION & AIR CONDITIONING, INC.
(491 SE2d 113)

Judge Harold R. Banke.

Pamela F. Blun and William A. Blun, Jr. sued Redd's Commercial Refrigeration & Air Conditioning, Inc. d/b/a Redd's Appliance Center ("Redd's") after an employee of Redd's rear-ended Pamela Blun's vehicle. The Bluns appeal the jury verdict.

Viewed in the light most favorable to the verdict, the evidence was as follows. When Redd's employee's truck bumped into the back of Pamela Blun's vehicle, neither vehicle sustained any appreciable damage. The police were not summoned to the scene, and Blun proceeded to drive herself home. She did not seek medical attention until nine days later. The only damage to Blun's vehicle was a small dent in the middle of the back fender which was never repaired.

Blun contended that the collision caused cervical strain and/or bulging and protruding disks in her neck which necessitated surgery. However, Blun's medical history revealed that ten years earlier, she had been diagnosed with degenerative disk disease in her neck. In the month immediately preceding the accident, Blun had seen her family physician on two different occasions complaining of neck pain and arthritis symptoms in her neck. Prior to this accident, Blun had worked as a secretary and administrative assistant for nine years and had been caring for her terminally ill, extremely dependent mother in her home. The physician who first examined Blun after the accident, noted that lifting her mother and being struck from the rear "both contributed to the exacerbation of her pain." Another treating physician testified that when he recorded Blun's medical history on her initial visit, Blun told him she was required to lift her mother.

Some of Blun's treating physicians testified by deposition during which hypothetical questions were posed as to whether Blun's lifting and providing care for her terminally ill mother or executing her normal job duties possibly caused or aggravated her condition. The jury rendered a defense verdict. *Held*:

The Bluns' sole enumeration is that the trial court erred in denying a requested instruction on hypothetical questions posed to experts.[1] The trial court refused to charge: "If the salient facts of a hypothetical question asked to a witness are not admitted into evidence, then the answer given by the witness is not proof that the conclusion reached applies to or establishes any fact in the case on trial." See *Kines v. City of Rome*, 220 Ga. App. 732, 733 (470 SE2d 311) (1996).

Generally, hypothetical questions posed to an expert must be based on facts proven by other witnesses or other competent evidence. *Ga. Power Co. v. Crutchfield*, 125 Ga. App. 488, 489 (3) (188 SE2d 140) (1972). In this case, other admissible evidence provided factual support for the hypothetical questions, inasmuch as the evidence showed that Blun had a preexisting cervical condition which may have been worsened by her job duties and her care for her mother.

Moreover, although the requested charge correctly stated a legal principle, the trial court did not err in refusing to so instruct the jury because the desired charge created a fair risk of confusing or misleading the jury when examined in light of the other charges and the evidence. See *Jones v. State*, 200 Ga. App. 519, 521 (408 SE2d 823) (1991); *Westinghouse Elec. Corp. v. Rider*, 168 Ga. App. 136, 138 (2) (308 SE2d 378) (1983). Because the instruction as a whole accurately stated the relevant principles of law, the trial court did not err in refusing to give the requested charge. *Swint v. Smith*, 204 Ga. App. 54, 55 (2) (418 SE2d 375) (1992).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED AUGUST 7, 1997.

*McCallar & Associates, C. James McCallar, Jr., Todd E. Schwartz*, for appellants.

*Woodall & Mackenzie, Malcolm Mackenzie III, Peter A. Giusti*, for appellee.

---

[1] The Bluns' effort to raise a second error not mentioned in their enumeration of errors is foreclosed by Court of Appeals Rule 27 (c) (1).