A97A2524. NEWMAN et al. v. THOMPSON.
(497 SE2d 8)

BLACKBURN, Judge.

Plaintiffs Alan Gardner and Kathryn Newman appeal the jury verdict in favor of defendant John H. Thompson in their action for the wrongful death of and personal injury to their son, Henry Newman, caused by the collision of airplanes piloted by both Henry and Thompson. Thompson, who survived the crash, counterclaimed for personal injury and property damage, and the jury found in favor of Thompson on all claims. Henry's parents contend that the trial court committed reversible error by allowing Thompson's expert witness to give an opinion based upon facts not supported by competent evidence. For the reasons discussed below, we affirm the judgment.

On April 27, 1993, Henry died when his single-engine Grumman American Yankee AA-1 airplane collided with the twin-engine Cessna 414 flown by Thompson. The collision occurred as the airplanes were landing at 8:16 p.m., about ten minutes after official sundown. The airplanes collided about ten feet above the intersection of perpendicular runways 5 and 14 at the Statesboro Municipal Airport, an "uncontrolled" airport which does not require communica-

tion with a control tower prior to landing.

Thompson contended at trial that he did not see Henry flying in the appropriate landing pattern above the airport or hear Henry make any radio announcement of his position before the collision. Thompson testified that he broadcast his own approach on the Statesboro frequency, announcing his position several times in the minutes prior to landing. Hearing and seeing no other air traffic, Thompson assumed it was safe to land. Thompson argued that he would have seen and avoided Henry's airplane if Henry had been flying in the appropriate pattern with his anti-collision strobe and landing lights on, as required after official sundown by FAA regulations.

The Newmans contended at trial that Henry was flying touch-and-gos in the landing pattern at Statesboro and should have been visible and audible to anyone approaching the airport. The Newmans further contended that Henry and Thompson did not hear each other's announcements because Thompson was broadcasting on and monitoring the wrong radio frequency. The Newmans also argued that although the sun had set, considerable daylight remained, which made lights less of a factor. Nevertheless, they contended that Henry's lights were on.

1. In their first enumeration of error, Henry's parents contend that the trial court erred in allowing Thompson's expert witness to give an opinion regarding the pilots' relative ability to see and avoid each other prior to the collision because that opinion was given in response to a hypothetical question that assumed Henry made a "straight in" approach to the runway instead of entering the appropriate flight pattern before he landed. We disagree.

The testimony of an expert witness should not be admitted into evidence when the opinion is based on facts stated in a hypothetical question which are not proven by competent evidence. *Kines v. City of Rome*, 220 Ga. App. 732 (470 SE2d 311) (1996). Competent evidence includes circumstantial evidence. *Wells v. Alderman*, 117 Ga. App. 724, 735 (11) (162 SE2d 18) (1968). "Circumstantial evidence can be described as evidence which does not constitute direct proof with regard to the issue of fact or the hypothesis sought to be proven by the evidence; rather, circumstantial evidence constitutes proof of other facts consistent with the hypothesis claimed." *Southern R. Co. v. Ga. Kraft Co.*, 258 Ga. 232 (367 SE2d 539) (1988). The trier of fact, and not the court, decides whether the assumed fact is actually proved by the circumstantial evidence. *Shannon v. Kaylor*, 133 Ga. App. 514 (211 SE2d 368) (1974). However, the court must decide whether a conclusion assumed is at least supported by the circumstantial evidence before allowing the matter to go to the jury. *Southeastern Fidelity Ins. Co. v. Stevens*, 142 Ga. App. 562 (236 SE2d 550) (1977); *Warmack v. Mini-Skools Ltd.*, 164 Ga. App. 737, 738 (1) (297

SE2d 365) (1982).

The sun set at 8:05 p.m. Henry was not seen in the appropriate landing pattern by Thompson or by any eyewitness immediately preceding the accident. Although a "straight-in" landing is imprudent, it is not illegal or forbidden at an uncontrolled airport. These facts are consistent with Thompson's theory that Henry flew straight in to the airport. Thus, the trial court properly permitted the hypothetical question and the opinion based upon it to go to the jury.

2. In their second enumeration of error, appellants state that "[t]he trial court erred in entering judgment against [them]." Although it appears appellants may have intended to raise the general grounds, this enumeration of error is not supported in the appellate briefs by citation of authority or argument. Therefore, it is deemed abandoned. Court of Appeals Rule 27 (c) (2). Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 27, 1998 —
RECONSIDERATION DENIED FEBRUARY 20, 1998 ▬

*Smith, Howard & Ajax, Donald R. Andersen, Daniel, Hadden & Alford, Ajalon E. Daniel III*, for appellants.
*Gray & Gilliland, Charles A. Ratz*, for appellee.