A99A2118, A99A2119. BIBB COUNTY v. HIGGINS et al.;<br>and vice versa.<br>(526 SE2d 379)

McMURRAY, Presiding Judge.

Lt. James F. Higgins worked for the Bibb County Sheriff's Department, primarily in field police work, from 1979 until his death in October 1993. On his last day at work, Lt. Higgins became sick with a severe headache and went home early. He was admitted to the hospital later that night and diagnosed as having suffered an acute intracerebral hemorrhage or stroke secondary to severe and uncontrolled hypertension. Two days later, Lt. Higgins died.

Lt. Higgins' former wife, as next friend of his minor children, brought a claim for workers' compensation benefits against Bibb County, claiming that job-related stress and exertion contributed to or aggravated his hypertension causing his fatal stroke. Relying upon the testimony of Bibb County's medical expert, Dr. Michael Hilton, as well as that provided by other witnesses, the administrative law judge (ALJ) determined there was insufficient competent and credible evidence to prove that Lt. Higgins' stroke arose out of and in the course of his employment with Bibb County. Finding Higgins' stroke was not a work-related injury, the ALJ denied the claim.

Bibb County appeals[1] the superior court's reversal of the ALJ's award denying the claim and subsequent affirmance by the appellate division of the Workers' Compensation Board. The claimant cross-appeals thereon. *Held*:

### Case No. A99A2118

1. Bibb County contends that the "any evidence" standard of review required the superior court to affirm the appellate division's decision. See *Calhoun v. Mergentine/KVN & Horn Fruin-Colnon*, 165 Ga. App. 610 (1) (302 SE2d 401). In this regard, Bibb County asserts that the superior court erred in reversing the award of the ALJ as based upon expert opinion testimony provided by Dr. Hilton not supported by facts otherwise proven of record. Claimant does not challenge Dr. Hilton's testimony as not elicited upon a properly posed hypothetical question. Rather, claimant argues that Dr. Hilton based his testimony upon "gross misrepresentations" of the facts posed to him, and, citing *Kines v. City of Rome*, 220 Ga. App. 732, 733-734 (470 SE2d 311), asserts that the superior court properly reversed the ALJ's award as an exception to the "any evidence" standard of review. We disagree.

In *Kines*, we held that an ALJ's award upon evidence resulting from a hypothetical question flawed by omitted facts was clearly erroneous requiring our review for the correction of error. Id. In the instant circumstances, the adequacy of the factual predicate for the hypothetical questions asked Dr. Hilton is not in issue. As a consequence, *Kines* is here inapposite. Neither do we conclude that Dr. Hilton misrepresented the facts pertinently supporting the hypothetical questions asked of him. Rather he. opined thereon as he was asked to do. For instance, while the claimant contends that Dr. Hilton wrongly characterized Lt. Higgins' blood pressure as consistently elevated upon repeated checks, claimant does so in the face of evidence to the contrary otherwise of record and without noting that Dr. Hilton gave such testimony as the basis for his conclusion that Lt. Higgins' medication was ineffective. Claimant also contends that Dr. Hilton misrepresented the facts in testifying that Lt. Higgins did not take his medication, had a family history of hypertension, ate poorly, and complained of problems not associated with his work. Dr. Hilton's testimony was not that Lt. Higgins did not take his medication. Instead he opined that there was evidence in Lt. Higgins' medical records which indicated that such medication was ineffective — this in light of the above-referenced blood pressure readings. The complained-of facts are in the record apart from Dr. Hilton's testi-

---

[1] We granted Bibb County's application for discretionary appeal on April 21, 1999.

mony and are undisputed on appeal. Even if this were not so, "[t]he sufficiency of the facts supporting an expert's opinion usually goes to the weight, rather [than] admissibility, of the expert's testimony. See *Krause v. Vance*, 207 Ga. App. 615, 616 (428 SE2d 595) (1993)." Id. at 733.

Construing the evidence most favorably to the board's award as we are required to do, *Calhoun v. Mergentine/KVN & Horn Fruin-Colnon*, 165 Ga. App. 610 (1), supra, we conclude that the board weighed the evidence; there was evidence to support the award and the superior court was without authority to reverse it.

### Case No. A99A2119

2. In the cross-appeal, claimant contends that the ALJ committed reversible error in basing his award, in part, upon medical treatises not admitted in evidence. While the ALJ erred in doing so, *Suarez v. Suarez*, 257 Ga. 102, 103 (1) (355 SE2d 649) ("Books of science and art are not admissible in evidence to prove the opinions of experts announced therein. (Cit.)"), we conclude that such error was harmless for want of prejudice inuring to claimant's detriment. *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454, 455 (2) (b) (415 SE2d 4) ("An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful. (Cits.)").

The opinions complained of as not in evidence were: (a) that hypertension is one of the most important factors increasing the risk of a stroke, and (b) that hypertension "predisposes" one to intracerebral hemorrhage and that antihypertension therapy best minimizes the potential for stroke. Inasmuch as this was merely cumulative of Dr. Hilton's testimony, no more than harmless error resulted upon the ALJ's consideration of the medical treatises for such opinions. See *Russell v. Reliance Ins. Co.*, 154 Ga. App. 584, 585 (269 SE2d 79).

*Judgment affirmed in Case No. A99A2119. Judgment reversed in Case No. A99A2118. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 30, 1999 —

*Sell & Melton, John A. Draughon, Lauren L. Benedict*, for appellant.

*McKenney, Jordan & Carey, Jane M. Jordan, Clifford B. Higgins*, for appellees.