508 F.2d 676
 Jac O. ULLMAN, Jr., Plaintiff-Appellee,
v.
OVERNITE TRANSPORTATION COMPANY, Transport Insurance
Company, and R. GayleDean, Defendants-Appellants,
Spider Wrecker Service, Inc. et
al.,Defendants-Appellees.
 No. 74-1942.
 United States Court of Appeals, Fifth Circuit.
 Feb. 21, 1975, Rehearing and Rehearing En Banc Denied April 14, 1975.
 
 A. Paul Cadenhead, James C. Gaulden, Jr., Atlanta, Ga., for defendants-appellants.
 Thomas M. Strickland, Legal Aid and Defender Society, Athens, Ga., for Vaughn, and others.
 Hugh M. Dorsey, Jr., Robert B. Wedge, David A. Handley, Dent Acree, Sidney F. Wheeler, George H. Connell, Jr., Atlanta, Ga., for Jac O. Ullman, Jr.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before DYER, MORGAN and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Georgia law governs this diversity case brought by a passenger against the driver of the vehicle in which he was riding, the owner of a jack-knifed truck and its insurance carrier, several wrecker companies and various of their individual employees for damages for his injuries and the death of his wife. Trial to a jury resulted in a verdict and judgment for plaintiff against the truck owner, its carrier and one of its employees, R. Gayle Dean. The other defendants were exonerated by the jury and recovered take-nothing judgments.[1] Since we reverse for error which could in no way have affected the verdict or judgment in their favor, these take-nothing judgments are affirmed.
 
 
 2
 The tragic events which gave rise to this action occurred in October 1971, when plaintifff and his wife, both of whom had just graduated from Furman and been married in June, were riding to a homecoming weekend there with plaintiff's former roommate in his camper automobile. In anticipation of the festivities, and because of advantageous prices, plaintiff's wife had purchased a case and a six-pack of beer plus two bottles of bourbon whiskey at Ft. Benning, where plaintiff was serving a short tour of active duty. They then drove to Atlanta, where they met the roommate, left their vehicle, and at about 8:00 p.m. continued their jaunt in his camper. Night came on, with intermittent rain and fog. All of the occupants of the camper had several drinks. There was testimony that the driver had had two beers before leaving, one at about 5:00 p.m. and another between 6:15 and the time of their departure, that plaintiff mixed and served the driver two bourbon drinks as he drove, and that plaintiff had two and his wife four or five. At about 10:00 p.m., the camper struck a cable stretched across the highway by the exonerated defendants, causing plaintiff's injuries and his wife's death. Flagmen with lights, including defendant Dean, were posted, and there was testimony to revolving lights on the wreckers, flares or fusees on the highway, etc. Other witnesses disputed the degree of these warning measures, and plaintiff testified he saw no flares or revolving lights, only a sudden red flash as they topped a hill before striking the cable several hundred feet further on.
 
 
 3
 At trial the court, though requested to do so, refused to charge on plaintiffs' duty to exercise ordinary care for their own safety (contributory negligence) or on comparative negligence. It did charge on assumption of risk, a significantly differing and more onerous defense under Georgia law. These refusals were error.[2]
 
 
 4
 Georgia courts have long held that one who knowingly rides with a driver who is under the influence of intoxicating liquor may be found negligent in his own right, independently of the driver's conduct.[3] Reasonable men could conclude that plaintiff, necessarily knowing of and contributing to the driver's consumption of bourbon[4] since he served it, was guilty of some degree of negligence, especially when the dangerous driving conditions and the conflicting evidence about the amount and character of warning signals are taken into account. On the evidence in this record, it appearing that any negligence on plaintiff's part may have been among the proximate causes of the accident as well as of the injuries, the jury should have been so instructed as to have afforded them the opportunity to pass on these questions.
 
 
 5
 In part affirmed, and in part reversed and remanded.
 
 
 
 [1]
 Georgia having a guest statute, the jury finding as to the driver concerned only gross negligence and did not determine whether he was ordinarily negligent or not
 
 
 [2]
 The instructions which the defendants requested probably were not correct in every respect. Nevertheless, whatever their deficiencies, they were sufficient to put the trial court on notice that the evidence raised issues as to the contributory and comparative negligence of the plaintiff, and perhaps the contributory negligence of his wife. 'Even if a requested instruction is not entirely perfect, it may in some situations impose upon the court the duty to give a more specific instruction on a particular issue where it soundly appears that such an instruction is needful to enable the jury to intelligently determine the question.' Chicago & North Western Ry. Co. v. Rieger, 326 F.2d 329, 334 (8th Cir.), cert. denied, 377 U.S. 917, 84 S.Ct. 1182, 12 L.Ed.2d 186 (1964). See also, Florists' Nationwide Telephone Delivery Network-America's Phone-Order Florists, Inc. v. Florists' Telegraph Delivery Assn., 371 F.2d 263, 270 (7th Cir.), cert. denied, 387 U.S. 909, 87 S.Ct. 1686, 18 L.Ed.2d 627 (1967). This was such a case. The refusal of the trial court to submit any instructions on either contributory or comparative negligence deprived the defendants of their major-- wellnigh their only-- affirmative defenses
 
 
 [3]
 Jones v. Petroleum Carrier Corporation of Florida, 483 F.2d 1369 (5th Cir. 1973); Powell v. Berry, 145 Ga. 696, 89 S.E. 753, 755 (1916); Durrett v. Farrar, 130 Ga.App. 298, 203 S.E.2d 265, 271 (1973); Waggoner v. Bevick, 127 Ga.App. 877, 195 S.E.2d 246, 247 (1973); Petroleum Carrier Corporation of Florida v. Jones, 127 Ga.App. 676, 194 S.E.2d 670 (1972); Mann v. Harmon, 62 Ga.App. 231, 8 S.E.2d 549 (1940)
 
 
 [4]
 Nor, though we intimate no holding thereon, is it entirely clear that the jury was bound by the surviving occupants' allocation of the drinks among the occupants of the camper, eitht or nine drinks in a two-hour period being admitted and both plaintiff and the defendant driver having conceivable incentives to minimize the driver's consumption