**Jac O. ULLMAN, Jr., Plaintiff-Appellant,**

v.

**OVERNITE TRANSPORTATION COM-PANY et al., Defendants-Appellees.**

No. 76–1111.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1977.

Rehearing Denied Dec. 19, 1977.

Hugh M. Dorsey, Jr., Dent Acree, Atlanta, Ga., for plaintiff-appellant.

A. Paul Cadenhead, Atlanta, Ga., for Overnite Transp. Co., et al.

James C. Gaulden, Jr., Atlanta, Ga., Thomas M. Strickland, Legal Aid & Defender Society, Athens, Ga., for W. King, et al.

Before TUTTLE, TJOFLAT and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge.

This is the second appeal arising out of the occurrence which resulted in the personal injury of Jac Ullman, Jr. and the death of his wife, Mary Beth Ullman. The facts are reported in our previous opinion. *Ullman v. Overnite Transportation Co.*, 508 F.2d 676 (5th Cir. 1975).

Some of the issues presently raised are related to the previous appeal. Thus, we briefly restate the scope of our prior holding.

In the first trial of this diversity action alleging wrongful death and personal injury, plaintiff sought recovery from defendants, Overnite Transportation Company (Overnite), Transport Insurance Company (Transport), R. Gayle Dean (Dean), Spider Wrecker Service, Inc. (Spider), Melvin Glover (Glover), Bud Vaughn (Vaughn), and Woodrow King (King). Overnite was the owner of the jack-knifed disabled tractor trailer. Transport was Overnite's insurance carrier and Dean was Overnite's agent. Defendants Spider, Glover, Vaughn and King were owners and/or operators of various wreckers attempting to extricate the jack-knifed tractor trailer when the fatal accident occurred.

In the first trial, the jury returned a verdict awarding damages for the wrongful death of Mrs. Ullman and for personal injuries sustained by the plaintiff against defendants, Overnite, Transport and Dean. Verdicts and judgments were in favor of defendants Spider, Glover, Vaughn and King.

Overnite, Transport and Dean appealed. We reversed the verdict and judgment rendered against them because of the failure of the trial court, upon request, to charge the jury on the duty of the plaintiff and the deceased to have exercised ordinary care for their own safety. We found that "Georgia courts have long held that one who knowingly rides with a driver who is under the influence of intoxicating liquor may be found negligent in his own right, independently of the driver's conduct." *Ullman, supra*, at 677 (citations and footnotes omitted). We affirmed the judgments in favor of the wrecker operators and/or owners because the failure to charge the jury on the contributory or comparative negligence of the plaintiff and the deceased could not have in any way affected the verdicts in their favor.

Upon remand to the District Court, the case was tried again before a second jury who returned a verdict of $37,500 against defendants Overnite, Transport and Dean for the wrongful death of Mrs. Ullman. The jury returned a verdict against Mr. Ullman in his personal injury claim.

Plaintiff brings this appeal seeking to overturn the jury verdict. We affirm.

The principal issue presented for decision is whether or not the trial court erred in failing to charge the jurors that they could consider the acts and omissions of the exonerated defendants as negligence which could be imputed to the remaining defendants under various principles of vicarious liability. Other issues are presented challenging certain evidentiary rulings and the trial court's jury instructions.

The second through ninth enumerations of error challenge the refusal of the trial court to charge the jury on these theories of vicarious liability. Plaintiff has proffered various legal theories, such as master-servant, principal-agent, joint venture, and statutory exceptions to the independent con-

tractor rule, which it is contended make Overnite liable for the acts and omissions of the wrecker owners and/or operators.

We hold that the trial court properly refused to charge the jury on these legal theories. Plaintiff's argument is seriously flawed and no authority is cited in support of it.

At the first trial, all the wrecker owners and/or operators were exonerated. The jury therefore had to have found that these defendants were either not negligent or that their negligence was not a proximate cause of the damages. The jury could not have exonerated these defendants upon Georgia principles of comparative negligence (plaintiff's negligence equalling or exceeding theirs) because that principle was not submitted to the jury in that trial.

■ It is clear that, in the absence of direct liability due to the acts or omissions of an agent, servant, employee, joint venturer or the like, there can be no imputation of negligence to a principal, master, employee, co-venturer or the like. The jury verdict in the first trial established, between these parties, that there was no actionable negligence on the part of the wrecker owners and/or operators. Accordingly, there existed no basis for the imputation of negligence against the remaining defendants. The second through ninth allegations of error are without merit.

■ Plaintiff, in his tenth enumeration of error, asserts that the trial judge abused his discretion in allowing a witness to answer a certain hypothetical question propounded by defense counsel. We disagree.

At trial, it was undisputed that the host driver of plaintiff's vehicle, Drew Williams, had consumed alcoholic beverages prior to the accident. The plaintiff and the deceased had, themselves, supplied alcoholic beverages to the host driver while they were traveling. The evidence revealed that the host driver had consented to a blood test approximately 2½ hours after the accident occurred. The blood test revealed the presence of .05 grams of alcohol in his blood. An alcohol level of .10 grams created a statutory presumption, for criminal law purposes, that the driver was under the influence of alcohol. Since the blood test had been administered to the host driver a substantial period of time following the accident, the level of alcohol in the host driver's bloodstream at the time of the accident was not directly shown by the test.

The defendant examined Sergeant William Kiser of the Georgia State Patrol, the officer who investigated the accident. He testified that alcohol is consumed in the body of the average person at a rate of .02 grams per hour. He testified that one can extrapolate backward in time but that it cannot be done with mathematical precision. Over the objection of the plaintiff, Sgt. Kiser, by extrapolating backward in a general sense, was allowed to testify that, in his opinion, the host driver was, at the time of the occurrence, under the influence of intoxicating liquor to the extent that his driving ability was impaired.

Plaintiff objected on the grounds that Sgt. Kiser was not qualified or competent to answer the hypothetical and that the question put to him omitted controlling facts. The objections were overruled and the testimony received into evidence.

On appeal, plaintiff acknowledges that the trial court has discretion in deciding whether or not to deem a witness an expert. Plaintiff contends, however, that the trial judge abused his discretion. We disagree. There was ample evidence in support of Sgt. Kiser's expert status. He had served with the Georgia State Patrol for eleven years, and had attended a course at a local college where alcohol metabolism was one of the subjects taught to him. Sgt. Kiser did not testify that the level of alcohol in the host driver's bloodstream was .10 grams at the time of the accident. He was rigorously cross-examined and freely acknowledged the scientific and mathematical imprecision of extrapolating backward into time.

As the Georgia Court of Appeals stated in *Townsend v. State*, 127 Ga.App. 797, 801, 195 S.E.2d 474, 477–78 (1972),

" '[t]he current of opinion in this State by this court is, that what sheds light on the truth of the transaction should go to the jury; that the doors should be open rather than shut to testimony; and that, in doubtful cases, the doors should always open, letting the jury pass upon the effect and weight to be given to such evidence.' Today, we continue to regard this wise directive to be sound policy and good law."

Accordingly, we conclude that Sgt. Kiser's answer to the hypothetical question was properly admitted into evidence. The bases upon which plaintiff objected went to the weight and credibility to be given to the testimony by the jury, not to its admissibility. The trial judge permitted plaintiff's counsel to develop the facts upon which credibility was challenged.

The plaintiff's further objection that material facts were omitted from the hypothetical is also meritless. Most of the facts were controverted and, of course, the weight of the evidence was dependent on the finding of the jury that the assumptions upon which the opinion was based were true.

In the case of *Shannon v. Kaylor*, 133 Ga.App. 514, 211 S.E.2d 368 (1974) the Georgia Court of Appeals held that a hypothetical question may be based on facts which are in dispute.

"The question of whether the facts were proven by the circumstances was one for the trier of fact. . . . 'The truth of the facts assumed by a hypothetical question is a question for the determination of the jury, and it must determine whether the basis upon which the hypothetical question rests has been established.' "

*Id.* at 516–517, 211 S.E.2d at 371. (citations omitted)

■ The failure of defense counsel to include in the hypothetical the body weight and the amount of food consumed by the host driver were omissions merely going to the weight to be given the opinion by the jury and plaintiff had ample opportunity to expose such alleged deficiencies in the hypothetical question by cross-examination of Sgt. Kiser.

The tenth enumeration of error is without merit.

■ In his eleventh enumeration of error, plaintiff alleges that the Court erred in allowing Sgt. Kiser to say why he did not put out any warnings or change the method of routing traffic when he arrived on the scene of the collision. This contention also lacks merit. The evidence revealed that Sgt. Kiser arrived at the scene approximately thirty minutes after the accident. Defense counsel made it clear that his question was addressed to the safety precautions observed by the witness at that later time. Plaintiff's counsel withdrew part of his objection upon learning that the witness was not testifying that the warning devices and procedures for routing traffic at the time of the accident were adequate. Plaintiff still objected on the grounds of Sgt. Kiser's qualifications. Again, we hold that the trial judge did not abuse his discretion in deeming Sgt. Kiser to be an expert. *Rouse v. Fussell*, 106 Ga.App. 259, 262, 126 S.E.2d 830 (1962); *Massee v. State*, 128 Ga.App. 439, 443, 197 S.E.2d 459 (1973).

■ Plaintiff in his twelfth assignment contends that error was committed when Sgt. Kiser was allowed to testify over objection as to the reason he did not criminally charge the host driver with driving under the influence of alcohol. On cross-examination, plaintiff's counsel questioned Sgt. Kiser as follows:

"Q. Now, do you know that under the law of Georgia up to a point of .05, when you take one of these tests, there is a presumption that the alcohol—that the person was not under the influence of alcohol; you do know that, do you not?

A. That's correct, five or over is questionable.

Q. Is questionable?

A. Yes, sir.

Q. But five or under the presumption is no effect?

A. That's correct.

Q. Do you know what your report came back on Mr. Williams was?

A. Yes, sir.

Q. What was it?

A. .05.

Q. Yes, sir, and the presumption is it had no effect?

A. That's correct.

Q. And that's the reason you didn't do anything, did you?

A. Yes, sir, that's correct."

On redirect, defense counsel asked the following questions:

"Mr. Dorsey has asked you why you didn't prefer criminal charges against Mr. Williams. Do you recall that question?

A. Yes, sir.

Q. He said, 'you didn't prefer them' and you answered, 'no'?

A. That's correct.

Q. Now, in the law enforcement branch dealing with a criminal case, now, not a civil case, do you ever prefer charges if the blood alcohol test is five, regardless of when it was taken?

A. No, sir, I do not.

    *    *    *    *    *    *

Q. Why didn't you make a criminal case against him when you had a reading of five?

A. Okay, at the present time, if this will clear it up, the Georgia Statute states that it has to be 10 grams per cent to be considered legally under the influence. We don't, speaking for the State Patrol, its our policy not to make a charge on anybody that goes less than .10 per cent."

By eliciting from Sgt. Kiser on cross-examination that he did not charge the host driver with driving under the influence of alcohol, plaintiff sought to benefit from an inference that the host driver must not have been under the influence of alcohol. Plaintiff acknowledges that he "opened the door" to this otherwise immaterial testimony.

Yet, plaintiff strenuously argues that error occurred when the trial court allowed Sgt. Kiser to answer on redirect why he did not criminally charge Mr. Williams. Plaintiff contends that, even though he first injected this subject into the trial, it was, even then, objectionable and asserts that "[t]wo wrongs do not make a right."

While it is true that the evidence was probably immaterial, plaintiff's counsel having elicited the answer, cannot be heard to complain. The colloquy on redirect was merely explanatory of the answer previously given. Plaintiff's counsel in effect stipulated with defense counsel that the evidence was relevant and material. By allowing the witness to explain his previous testimony in more detail, the trial judge acted well within his discretion.

■ Prior to the giving of final instructions to the jury, counsel for appellant submitted two requests for charge and asserts as error the failure of the trial court to have given the instructions, as requested. While the requests were correct statements of the law, we conclude that the principle contained in them was covered by the trial judge and that, under the factual circumstances of this case, the way the trial judge handled the situation was less confusing to the jury than had the requests been incorporated verbatim in the instructions.

It will be recalled that the plaintiff-appellant, Mr. Ullman, and his deceased wife were riding as guest passengers with the host driver, Mr. Williams. In this court's earlier opinion reversing in part and remanding the case for this new trial, we held that the court had committed error in the first trial by refusing to instruct that jury on the plaintiff's and deceased's duties to have exercised ordinary care for their own safety. It was contended in the earlier trial, and in the trial here under review, that the host driver was and had been operating the vehicle while drinking intoxicating beverages. Further, it was contended that the plaintiff, Mr. Ullman, and the deceased were, themselves, guilty of active negligence in that they poured, prepared, and delivered to the driver the intoxicating

drinks he was charged with having consumed and that they were guilty of negligence in voluntarily riding with an intoxicated host. Appellant's contention is that his requested instructions, to the effect that the negligence of the host cannot, under the law, be "imputed" to the plaintiffs, ought to have been included in the charge. Yet, the trial judge was confronted with a situation where the contentions of primary acts of negligence on the part of the appellant and deceased were closely related to the negligent conduct of the host. His negligence was contended to be driving while drinking. The plaintiff and the deceased were charged with negligence in assisting the host to drink while he was driving and in voluntarily riding with him under those circumstances. A bare and legalistic statement to lay jurors, under these circumstances, that the host's negligent conduct could not be imputed to the guests in his vehicle might well have carried the implication that appellant and the deceased were legally insulated from any defense involving the host's consumption of intoxicants.

The trial judge dealt with the situation by carefully dividing the various contentions regarding negligence of the host from those regarding negligence of the plaintiff and deceased. He first explained to the jurors that one defense proffered by defendants was that the sole cause of the collision was the negligence of the host driver. He explained to the jurors that if they found that the sole cause of the incident was, indeed, the negligence of the host, then the plaintiff could not recover against the defendants.

Having submitted that principle to the jury, the judge next instructed as follows:

"But, if the negligence of the defendants and the negligence of the host driver, Drew M. Williams, concurred in causing the injuries and death, the plaintiff would be entitled to recover under the law from the defendants unless barred by other instructions of the Court."

Then the trial judge addressed the defendants' contentions regarding the independent negligence claimed against appellant and the deceased. He also addressed the alleged assumption of risk by the two guests. In this portion of the charge, the court referred to specific acts of the appellant and deceased asserted as negligence (the duty of the guests to exercise ordinary care; voluntarily riding with a driver of a motor vehicle knowing him to be under the influence of intoxicants; duty to discover the negligence of the driver; etc.). At no point during this portion of the charge, and, indeed, at no other place in the charge, did the trial judge suggest that the guests could be barred from recovery through the imputation of negligent conduct on the part of the host driver.

In the absence of any suggestion by the Court that the plaintiff would be vicariously liable for the negligence of the host; in view of the positive instructions that, if defendants were found negligent, any concurring negligence on the part of the host would not bar a recovery; and in view of the fact that, when the Court referred to specific acts of the plaintiff contended to constitute negligence, he included only those things for which they would be responsible without the imputation of the negligence of the host driver; we conclude that the principle of law requested by the plaintiff was adequately explained to the jury. This contention on the part of appellant does not warrant reversal. *Mealey v. Slaton Machinery Sales, Inc.*, 508 F.2d 87 (5th Cir. 1975); *Bolden v. Kansas City Southern Railway Company*, 468 F.2d 580 (5th Cir. 1972).

■ Finally, plaintiff contends that the trial court erred in charging the jury in regard to the proper measure of damages for the life of Mrs. Ullman. The trial court, we hold, properly refused to charge the jury that they could consider the value of the life of the deceased to her immediate family. *Bulloch County Hosp. Auth. v. Fowler*, 124 Ga.App. 242, 183 S.E.2d 586 (1971); *Hudson v. Cole*, 102 Ga.App. 300, 115 S.E.2d 825 (1960). Upon review of the jury charge, we find that the remaining charges tendered by the plaintiff were substantially incorporated in the charge as a whole.

For the reasons already given, therefore, the trial court did not err in failing to grant a new trial, as contended in plaintiff's first assignment of error.

AFFIRMED.